UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

GREGORY J. MARCINSKI,                :

    Plaintiff,                      :

  -against-                           :

RBS CITIZENS BANK, N.A. and          :
MERRICK BANK CORPORATION,            :

    Defendants.                     :

------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/21/13

Case No. 13 Civ. 6022 (LGS)

**AMENDED COMPLAINT**

**[Jury Trial Demanded]**

COMES NOW Plaintiff, Gregory J. Marcinski, pro se, and for his Amended Complaint against Defendants, RBS Citizens Bank, N.A. and Merrick Bank Corporation, states and alleges as follows:

## INTRODUCTION

1.  This is an action seeking redress from unlawful credit practices engaged in by the Defendants. Specifically, Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over the parties to this case and the subject matter thereof pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.  Venue in this district is proper because the Plaintiff resides within the district. In addition, each Defendant conducts business within the district.

## PARTIES

4.  Plaintiff, Gregory J. Marcinski ("Marcinski"), is a natural person and a "consumer" as defined in the FCRA, residing in Otisville, New York.

RECEIVED
NOV 21 2013
PRO SE OFFICE

5.    Defendant, RBS Citizens Bank, N.A. ("RBS Citizens"), is a national association bank, located at One Citizens Plaza, Providence, Rhode Island 02903. RBS Citizens issues consumer credit cards and is a "furnisher of credit information" as defined in the FCRA.

6.    Defendant, Merrick Bank Corporation ("Merrick"), is a bank corporation, located at 10701 South Jordan Gateway, Suite 200, South Jordan, Utah 84095. Merrick issues consumer credit cards and is a "furnisher of credit information" as defined in the FCRA.

## COUNT I - RBS CITIZENS, BANK, N.A.

7.    On April 4, 2013, Marcinski obtained a copy of his credit report from Equifax Information Services, LLC ("Equifax"), a national credit reporting agency.

8.    The aforesaid credit report includes a delinquent credit card account reported by RBS Citizens.

9.    Marcinski has never applied for, obtained, or used any credit card account issued by RBS Citizens.

10.    On June 24, 2013, Marcinski transmitted a request for investigation to Equifax disputing the debt reported by RBS Citizens on the basis that it was a fraudulent account established using his personal identification information without authorization. Marcinski included documentation of his identity and the fact that he was incarcerated when the account was opened and used.

11.    Upon information and belief, Equifax provided all information relevant to Marcinski's dispute to RBS Citizens.

-2-

12.   On July 25, 2013, Equifax informed Marcinski that RBS Citizens verified the account belonged to him and it would remain in his credit record.

13.   RBS Citizens violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an adequate investigation of Marcinski's dispute submitted to Equifax for investigation on June 24, 2013.

14.   RBS Citizens violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of its purported investigation of Marcinski's dispute submitted to Equifax for investigation on June 24, 2013.

15.   RBS Citizens violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify Equifax, in response to Marcinski's dispute submitted to Equifax for investigation on June 24, 2013, that the information it reported for inclusion in his credit report was inaccurate, incomplete, misleading, and false.

16.   The conduct of RBS Citizens was willful, in that it was part of a policy, practice, and custom.

17.   As a direct and proximate result of the unlawful conduct of RBS Citizens, Marcinski suffered damages including damage to credit score and credit reputation, harrassment, humiliation, emotional distress, and financial loss.

WHEREFORE, Marcinski respectfully moves for Judgment in his favor and against RBS Citizens including the following:

A.   Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) or, in the alternative, 15 U.S.C. § 1681o(a)(1);

B.   Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

C.   Attorney's fees and costs incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

D.   Any further relief the Court may deem just and proper under the circumstances.

## COUNT II - MERRICK BANK CORPORATION

18.   On April 4, 2013, Marcinski obtained a copy of his credit report from Equifax Information Services, LLC ("Equifax"), a national credit reporting agency.

19.   The aforesaid credit report includes a delinquent credit card account reported by Merrick.

20.   Marcinski has never applied for, obtained, or used any credit card account issued by Merrick.

21.   On June 24, 2013, Marcinski transmitted a request for investigation to Equifax disputing the debt reported by Merrick on the basis that it was a fraudulent account established using his personal identification information without authorization. Marcinski included documentation of his identity and the fact that he was incarcerated when the account was opened and used.

22.   Upon information and belief, Equifax provided all information relevant to Marcinski's dispute to Merrick.

23.   On July 25, 2013, Equifax informed Marcinski that RBS Citizens verified the account belonged to him and it would remain in his credit record.

24.   Merrick violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an adequate investigation of Marcinski's

-4-

dispute submitted to Equifax for investigation on June 24, 2013.

25.  Merrick violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of its purported investigation of Marcinski's dispute submitted to Equifax for investigation on June 24, 2013.

26.  Merrick violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify Equifax, in response to Marcinski's dispute submitted to Equifax for investigation on June 24, 2013, that the information it reported for inclusion in his credit report was inaccurate, incomplete, misleading, and false.

27.  The conduct of Merrick was willful, in that it was part of a policy, practice, and custom.

28.  As a direct and proximate result of the unlawful conduct of Merrick, Marcinski suffered damages including damage to credit score and credit reputation, harrassment, humiliation, emotional distress, and financial loss.

WHEREFORE, Marcinski respectfully moves for Judgment in his favor and against Merrick including the following:

A.  Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) or, in the alternative, 15 U.S.C. § 1681o(a)(1);

B.  Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

C.  Attorney's fees and costs incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

D.  Any further relief the Court may deem just and proper under the circumstances.

## COUNT III - RBS CITIZENS BANK, N.A.

29. On August 6, 2013, Marcinski obtained a copy of his credit report from Trans Union, LLC ("Trans Union"), a national credit reporting agency.

30. The aforesaid credit report includes a delinquent credit card account reported by RBS Citizens.

31. Marcinski has never applied for, obtained, or used any credit card account issued by RBS Citizens.

32. On August 15, 2013, Marcinski transmitted a request for investigation to Trans Union disputing the debt reported by RBS Citizens on the basis that it was a fraudulent account established using his personal identification information without authorization. Marcinski included documentation of his identity and the fact that he was incarcerated when the account was opened and used.

33. Upon information and belief, Equifax provided all information relevant to Marcinski's dispute to RBS Citizens.

34. On September 3, 2013, Trans Union informed Marcinski that RBS Citizens verified the account belonged to him and it would remain in his credit record.

35. RBS Citizens violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an adequate investigation of Marcinski's dispute submitted to Trans Union for investigation on August 15, 2013.

36. RBS Citizens violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of its purported investigation of Marcinski's dispute submitted

-6-

to Trans Union for investigation on August 15, 2013.

37. RBS Citizens violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify Trans Union, in response to Marcinski's dispute submitted to Trans Union for investigation on August 15, 2013, that the information it reported for inclusion in his credit report was inaccurate, incomplete, misleading, and false.

38. The conduct of RBS was willful, in that it was part of a policy, practice, and custom.

39. As a direct and proximate result of the unlawful conduct of RBS Citizens, Marcinski suffered damages, including damage to credit score and credit reputation, harrassment, humiliation, emotional distress, and financial loss.

WHEREFORE, Marcinski respectfully moves for Judgment in his favor and against RBS Citizens including the following:

A. Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) or, in the alternative, 15 U.S.C. § 1681o(a)(1);

B. Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

C. Attorney's fees and costs incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

D. Any further relief the Court may deem just and proper under the circumstances.

## COUNT IV - MERRICK BANK CORPORATION

40. On August 6, 2013, Marcinski obtained a copy of his credit report from Trans Union, LLC ("Trans Union"), a national credit reporting agency.

41.  The aforesaid credit report includes a delinquent credit card account reported by Merrick.

42.  Marcinski has never applied for, obtained, or used any credit card account issued by Merrick.

43.  On August 15, 2013, Marcinski transmitted a request for investigation to Trans Union disputing the debt reported by Merrick on the basis that it was a fraudulent account established using his personal identification information without authorization. Marcinski included documentation of his identity and the fact that he was incarcerated when the account was opened and used.

44.  Upon information and belief, Trans Union provided all information relevant to Marcinski's dispute to Merrick.

45.  On September 3, 2013, Trans Union informed Marcinski that Merrick verified the account belonged to him and it would remain in his credit record.

46.  Merrick violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an adequate investigation of Marcinski's dispute submitted to Trans Union for investigation on August 15, 2013.

47.  Merrick violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of its purported investigation of Marcinski's dispute submitted to Trans Union for investigation on August 15, 2013.

48.  Merrick violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify Trans Union, in response to Marcinski's dispute submitted to Trans Union for investigation on August 15, 2013,

that the information it reported for inclusion in his credit report was inaccurate, incomplete, misleading, and false.

49. The conduct of Merrick was willful, in that it was part of a policy, practice, and custom.

50. As a direct and proximate result of the unlawful conduct of Merrick, Marcinski suffered damages, including damage to credit score, credit reputation, harrassment, humiliation, emotional distress, and financial loss.

WHEREFORE, Marcinski respectfully moves for Judgment in his favor and against Merrick including the following:

A. Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) or, in the alternative, 15 U.S.C. § 1681o(a)(1);

B. Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

C. Attorney's fees and costs incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

D. Any further relief the Court may deem just and proper under the circumstances.

Dated: Otisville, New York
       November 18, 2013

GREGORY J. MARCINSKI
Register No. 12582-050
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000

Plaintiff, pro se

-9-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY J. MARCINSKI,
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

   - against -

RBS CITIZENS BANK, N.A. and

MERRICK BANK CORPORATION,


*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

13 **Civ.** 6022 (LGS) ( )

**AFFIRMATION OF SERVICE**

I, __Gregory J. Marcinski__, **declare under penalty of perjury** that I have
          *(name)*

served a copy of the attached ____Amended Complaint____
                                 *(document you are serving)*

     Geraldine Cheverko
upon  Attorney for the Defendants     whose address is _____
     *(name of person served)*
Eckert Seamans Chernin & Mellot, LLC
 10 Bank Street, Suite 700, White Plains, NY 10606
                      *(where you served document)*

by _first-class mail and will receive Notice of Electronic Filing_
       *(how you served document: For example   personal delivery, mail, overnight express, etc.)*


Dated: __Otisville__, 'NY
       *(town/city)*   *(state)*

    November  19 20 13
     *(month)*   *(day)* *(year)*

*Signature* Gregory J. Marcinski
Register No. 12582-050
_____
*Address*
Federal Correctional Institution
P.O. Box 1000
_____
*City, State*

Otisville, NY 10963-1000
_____
*Zip Code*

Plaintiff, pro se
_____
*Telephone Number*

*Rev 05/2007*



FOREVER

Liberty

WESTCHESTER NY 105
PM
19 NOV '13

◇12582-050◇
U S District Court
Pro Se Office
500 Pearl ST
Room 230
NEW YORK, NY 10007
United States

100078131b C014

NAME GREG MARCINSKI
REGISTER NO. 12582-050
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
OTISVILLE, NY 10963