UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
GREGORY J. MARCINSKI,

   Plaintiff,

 -against-

RBS CITIZENS BANK, N.A. and
MERRICK BANK CORPORATION,

   Defendants.
------------------------------x

Case No. 13 Civ. 6022 (LGS)

PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS

Plaintiff, Gregory J. Marcinski ("Marcinski"), pro se, submits this response to the Motion to Dismiss filed by Defendants, RBS Citizens Bank, N.A. ("Citizens") and Merrick Bank Corporation ("Merrick") (collectively "Defendants").

## INTRODUCTION

On August 21, 2013, filed a Complaint pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Marcinski alleged that beginning in September 2010, and as recently as June 14, 2013, he obtained copies of his credit reports from Equifax Information Services, LLC ("Equifax"), a national credit reporting company and found inaccurate information contained therein reported by Defendants. See Complaint 7-9, 19-21. On several occasions, and as recently as June 24, 2013, Marcinski submitted disputes concerning the inaccurate information. See Complaint, ¶¶ 10, 22. Defendants informed Equifax that they verified the accounts belonged to Marcinski and refused to delete the accounts from his credit record. See Complaint, ¶¶ 12, 14. Marcinski alleged the manner in which the disputes were handled violated three provisions of the

FCRA. See Complaint, ¶¶ 14-16, 26-28.

Defendants filed a joint Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) asserting Marcinski's claims are barred by the applicable statue of limitations. Thereafter, Marcinski filed an Amended Complaint to clarify that he is only suing for violations related to his disputes of information contained in the June 24, 2013 Equifax report. See Amended Complaint, ¶¶ 7-28. The Amended Complaint also includes two additional counts alleging Defendant committed separate FCRA violations by the manner in which they handled Marcinski's disputes related to information contained in an August 6, 2013 credit report obtained from Trans Union, LLC ("Trans Union"). See Amended Complaint, ¶¶ 29-50.

Despite the fact that Marcinski seeks damages only for FCRA violations alleged to have occurred in 2013, Defendants filed a second Motion to Dismiss which raises essentially the same statute of limitations argument previously asserted. For the reasons discussed below, the motion should be denied.

## PROCEDURAL HISTORY

Defendants have accurately set forth the procedural history of this case.

## STATEMENT OF FACTS[1]

Marcinski has been incarcerated since April 2000. See Declaration of Gregory J. Marcinski ("Marcinski Decl."), ¶ 3. While incarcerated, Marcinski has never applied for, obtained, or

---

[1] The Statement of Facts contained in Defendants' memorandum is accurate but will be supplemented with additional relevant facts drawn from Marcinski's declaration filed herewith.

used any credit card accounts, nor has he authorized any other party to do so on his behalf. Id. However, in 2010 Marcinski learned he was a victim of identity theft, in that someone has used his identification information to fraudulently incur numerous credit card debts. See Marcinski Decl., ¶ 4.

On September 27, 2010, Marcinski obtained a copy of his credit report from Equifax ("Equifax Report #1"). See Marcinski Decl., ¶ 5. In reviewing the report, Marcinski discovered, among other things, delinquent credit card accounts reported by RBS Citizens Bank, N.A. ("Citizens") and Merrick Bank Corporation ("Merrick") that were opened, respectively, in September 2007 and May 2006. See Marcinski Decl., ¶ 6. As Marcinski did not incur the debts reported by Citizens and Merrick, he transmitted a dispute to Equifax advising that the accounts were established fraudulently through identity theft. See Marcinski Decl., ¶ 7. Upon informaton and belief, Equifax notified Citizens and Merrick of the dispute and provided all information relevant thereto. Id. On November 8, 2010, Equifax informed Marcinski that Citizens and Merrick each verified the accounts were not fraudulent and they would not be removed from his credit record. See Marcinski Decl., ¶ 8. On one or more occasions, Marcinski sent written disputes directly to Citizens and Merrick, but neither company responded. See Marcinski Decl., ¶ 9.

On April 4, 2013, Marcinski obtained another copy of his credit report from Equifax ("Equifax Report #2). See Marcinski Decl., ¶ 10. In reviewing the report, Marcinski discovered that both Citizens and Merrick continued to report inaccurate information. See Marcinski Decl., ¶ 11. On June 24, 2013, Marcinski

transmitted another dispute to Equifax advising that the Citizens and Merrick accounts were established fraudulently through identity theft. <u>See</u> Marcinski Decl., ¶ 12. Upon information and belief, Equifax notified Citizens and Merrick of the dispute and provided all informaton relevant thereto. <u>Id.</u> On July 25, 2013, Equifax informed Marcinski that Citizens and Merrick each verified that the accounts belonged to him and they would not be removed from his credit record. <u>See</u> Marcinski Decl., ¶ 13.

On August 6, 2013, Marcinski obtained a copy of his credit report from Trans Union, LLC ("Trans Union") for the first time ever ("Trans Union Report"). <u>See</u> Marcinski Decl., ¶ 14. Until that time, Marcinski was completely unaware of the contents of his Trans Union credit record. <u>Id.</u> On August 15, 2013, Marcinski transmitted a dispute to Trans Union advising that the Citizens and Merrick accounts were fraudulently established through identity theft. <u>See</u> Marcinski Decl., ¶ 16. Upon information and belief, Trans Union notified Citizens and Merrick of the dispute and provided all information relevant thereto. <u>Id.</u> On September 6, 2013, Trans Union informed Marcinski that Citizens and Merrick verified the information reported to be accurate and that it would remain in his credit record. <u>See</u> Marcinski Decl., ¶ 17.

Upon information and belief, Citizens and Merrick each continue to report inaccurate information to Equifax and Trans Union for inclusion in Marcinski's credit record with each company. <u>See</u> Marcinski Decl., ¶ 18.

## ARGUMENT

### PLAINTIFF'S FCRA CLAIMS ARE NOT SUBJECT TO DISMISSAL BECAUSE THEY WERE BROUGHT WITHIN THE APPLICABLE STATUTE OF LIMITATIONS

The Fair Credit Reporting Act was enacted to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. Safeco Inc. Co. of Am. v. Burr, 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). The Act imposes duties on both credit reporting agencies and on the creditors who furnish information to credit reporting agenceis. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of an item in the consumer's credit record, the Act requires the agency to notify the furnisher of the dispute. 15 U.S.C. § 1681i(a)(2). Upon receiving such notice, the furnisher must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the credit reporting agency; (3) report the results of the investigation to the credit reporting agency; and (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all of the major credit reporting agencies. 15 U.S.C. § 1681s-2(b)(1)-(2). The FCRA creates a private right of action for the negligent, or willful, violation of any duty imposed under the statute. Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 473 (2nd Cir. 1995) (citing 15 U.S.C. §§ 1681o and 1681n).

The instant case involves Marcinski, an individual who is a victim of identity theft, and his efforts to have inaccurate information removed from his credit record with two different

credit reporting agencies, Equifax and Trans Union.[2]

Marcinski discovered he was the victim of identity theft in 2010. At that point, he obtained Equifax Report #1 and was unsuccessful in getting inaccurate information reported by Citizens and Merrick removed from his Equifax credit record.

On April 4, 2013, Marcinski obtained Equifax Report #2. Finding inaccuate information reported by Citizens and Merrick appearing in that report as well, Marcinski resubmitted his disputes. When Citizens and Merrick failed to take appropriate action this time, Marcinski filed suit alleging violations of three FCRA provisions.

Defendants moved to dismiss Marcinski's Complaint on statute of limitations grounds. In response, Marcinski filed an Amended Complaint seeking to clarify that he is suing only over the manner in which his disputes concerning Equifax Report #2 were handled. Marcinski also added additional counts alleging Defendants committed separate FCRA violations by the manner in which they handled his more recently submitted disputes concerning inaccurate information appearing in his credit record with Trans Union.

After the Amended Complaint was filed, Defendants again moved to dismiss on statute of limitations grounds. In doing so, Defendants argue not only that Marcinski's claims concerning the Equifax disputes are untimely, but that those concerning the Trans Union disputes are equally time barred. Defendants'

---

[2] The three major credit reporting agencies are Equifax, Trans Union, and Experian. Each are independent entities and maintain separate credit records on consumers.

narrow interpretation of the statute of limitations applicable to Marcinski's claims is without merit and should be rejected.

Defendants are correct that FCRA claims must be brought within two years of discovery of the violation that is the basis for such liability. See 15 U.S.C. § 1681p. However, Defendants mischaracterize what the violations are in this case upon which Marcinski's claims are based. It is not the reporting of inaccurate information, which Marcinski first discovered at the time he obtained Equifax Report #1 in September 2010, that is actionable. Rather, it is the manner in which Defendants handled Marcinski's disputes submitted in 2013 that form the basis for his claims. The fact that Marcinski had made a previous dispute through Equifax in 2010 should be of no consequence. Moreover, it should have no bearing whatsoever on claims related the Defendants' alleged failure to properly handle the disputes concerning inaccurate information Marcinski discovered in his Trans Union credit report, as he obtained the Trans Union report for the first time ever in August 2013.

Under 15 U.S.C. § 1681s-2(b), credit reporting agencies and furnishers of credit information are required to conduct investigations when a consumer disputes information appearing in their credit report. Defendants rely on <u>Hancock v. Charter One Mortg.</u>, 2008 U.S. Dist. LEXIS 42828 (E.D. Mich. 2008) for the proposition that subsequent disputes concerning the same account do not restart the statute of limitations. Plaintiff submits <u>Hancock</u> lacks substantive analysis of the FCRA and was wrongly decided.

A more persuasive decision on this topic may be found in Broccuto v. Experian Information Solutions, Inc., et al., 2008 U.S. Dist. LEXIS 37079 (E.D. Va. 2008) (attached hereto as **Exhibit A**). In that case, the Court denied a motion to dismiss based on a theory similar to that advanced by Defendants in this case. The Court found the FCRA statute's construction creates a violation every time a consumer submits a dispute to a credit reporting agency and that agency or the relevant lender does not respond to the complaint as directed by statute. Further, the fact that the account or transactions questioned in the instant dispute may have also been the subject of a previous dispute does not mitigate the obligations of the bank or credit reporting agency to take the actions outlined in § 1681s-s2(b)(1)(A)-(D). See Id. at 6-7. The judge in Broccuto went on to cite other cases where courts have ruled similarly. In the interest of brevity, Marcinski will not repeat those citations here and simply askes the Court to consider all of the reasoning found in Broccuto.

In summary, Marcinski's claims related to Defendants' handling of his disputes submitted in response to Equifax Report #2 obtained in April 2013 are timely. In addition, the claims related to handling of his disputes submitted in response to the Trans Union Report obtained in August 2013 are separate and distinct claims also falling within the applicable statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety.

                                      Respectfully submitted,

                                      GREGORY J. MARCINSKI
                                      Plaintiff, pro se

Dated: Otisville, New York
       January 2, 2014

                                      Gregory J. Marcinski
                                      Register No. 12582-050
                                      Federal Correctional Institution
                                      P.O. Box 1000
                                      Otisville, NY 10963-1000

# Exhibit A

> **ROBIN D. BROCCUTO, Plaintiff, v. EXPERIAN INFORMATION SOLUTIONS INC., et al., Defendants.**
> UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION
> 2008 U.S. Dist. LEXIS 37079
> Civil Action No. 3:07CV782-HEH
> May 6, 2008, Decided
> May 6, 2008, Filed

**Counsel** For Robin D. Broccuto, Plaintiff: Leonard Anthony Bennett, LEAD ATTORNEY, Consumer Litigation Assoc PC, Newport News, VA.

For Experian Information Solutions, Inc., Defendant: David Neal Anthony, LEAD ATTORNEY, Troutman Sanders LLP, Richmond, VA.

For Trans Union, LLC., Defendant: Bruce Steven Luckman, Kogan Trichon & Wertheimer PC, Philadelphia, PA; Mark Gregory Carlton, Harman Claytor Corrigan & Wellman, Glen Allen, VA.

For Equifax Information Services, LLC., Defendant: John Willard Montgomery, Jr., Montgomery & Simpson, LLLP, Richmond, VA.

For United States of America, Defendant: Travis Aaron Sabalewski, LEAD ATTORNEY, Adela Bashir Parvaiz, Stacy Leann Haney, Reed Smith LLP, Richmond, VA.

For Lane Bryant, Inc., Defendant: John Becker Mumford, Jr., LEAD ATTORNEY, Kathryn Elizabeth Kransdorf, Hancock Daniel Johnson & Nagle PC, Richmond, VA.

For Discover Financial Services, LLC., Defendant: James Douglas Cuthbertson, LEAD ATTORNEY, Miles & Stockbridge, McLean, VA.

For World Financial Network National Bank, Defendant: John Becker Mumford, Jr., LEAD ATTORNEY, Hancock Daniel Johnson & Nagle PC, Richmond, VA.

**Judges:** Henry E. Hudson, United States District Judge.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff consumer sued defendants, the three major credit reporting agencies and five creditors, pursuant to the Fair Credit Reporting Act (FCRA). One of the creditors moved to dismiss. Creditor's motion to dismiss a consumer's Fair Credit Reporting Act (FCRA) claim was denied; because each re-report of inaccurate information and each failure to conduct a reasonable investigation was a separate FCRA violation, the consumer had pled FCRA violations within the statute of limitations in 15 U.S.C.S. § 1681p.

**OVERVIEW:** The statute of limitations on a FCRA claim accrued based on the date the violation was discovered by the consumer, not the date the consumer first observed inaccurate information on their credit report. A violation of FCRA occurred when a lender or credit reporting agency received notice of a dispute and failed to act as the statute mandated. Further, the FCRA's construction created a violation every time a consumer submitted a dispute to a credit reporting agency and that agency or the relevant lender did not respond to the complaint as directed by the statute. Because each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to the dispute, was a

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12878074

separate FCRA violation subject to its own statute of limitations, the consumer had pled violations of FCRA within the two-year statute of limitations. Further, claims were sufficient to withstand a motion to dismiss, as they alleged that the creditor published representations in the consumer's credit file without a notation that the debt was disputed, and that the creditor failed to correctly report results of an accurate investigation to the credit reporting agencies.

**OUTCOME:** The creditor's motion to dismiss was denied.

**LexisNexis Headnotes**

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > Limited Jurisdiction*

It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only authority conferred by U.S. Const. art. III and affirmatively granted by federal statute. A federal court cannot assume jurisdiction exists. Rather, the plaintiff is required to specifically plead adequate facts in its complaint to sufficiently establish the court has jurisdiction.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*

A defendant may move for dismissal when a complaint contains a jurisdictional defect. Fed. R. Civ. P. 12(b)(1).

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Evidence > Procedural Considerations > Burdens of Proof > Allocation*

A defendant may prevail on a motion under Fed. R. Civ. P. 12(b)(1) by showing that the facts as pled in the complaint fail to establish jurisdiction, or by showing that the jurisdictional facts pled in the complaint are untrue. When a defendant contends that the facts contained in the complaint upon which jurisdiction rests are untrue, the court may consider evidence outside the complaint in order to assure jurisdiction is proper.

*Banking Law > Consumer Protection > Fair Credit Reporting > Liability*

The Fair Credit Reporting Act provides damages to a consumer when banks and other lenders, referred to as furnishers of information' in the Act, do not take certain steps in response to a consumer dispute.

*Banking Law > Consumer Protection > Fair Credit Reporting > Liability*

See 15 U.S.C.S. § 1681s-2(b)(1)(A)-(D).

*Banking Law > Consumer Protection > Fair Credit Reporting > Liability*
*Governments > Legislation > Statutes of Limitations > Time Limitations*

A cause of action created by 15 U.S.C.S. § 1681s-2(b)(1)(A)-(D) must be brought in United States district court not later than the earlier of (1) two years after the discovery by the plaintiff of the violation that is the basis for such liability; or (2) five years after the date on which the violation that is the basis for such liability occurs. 15 U.S.C.S. § 1681p.

*Banking Law > Consumer Protection > Fair Credit Reporting > Consumer Reports*
*Banking Law > Consumer Protection > Fair Credit Reporting > Liability*

1ydcases                                                                 2

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12878074

The Fair Credit Reporting Act (FCRA) imposes certain duties, such as the duty to conduct an investigation, on credit reporting agencies and lenders. 15 U.S.C.S. § 1681s-2(b). A plain reading of the Act reveals that these duties are triggered when a credit reporting agency or lender receives notice of a dispute from a consumer. FCRA does not punish a lender merely for furnishing inaccurate information to a credit reporting agency. Rather, FCRA provides damages when a bank or credit reporting agency fails to take certain steps once notice of a consumer dispute is received. It is the failure to act as prescribed by the statute after receiving notice of a dispute which creates the cause of action.

**Banking Law > Consumer Protection > Fair Credit Reporting > Liability**
**Governments > Legislation > Statutes of Limitations > Time Limitations**

A civil action to be initiated within two years after the date of discovery by the plaintiff of the violation that is the basis for liability. 15 U.S.C.S. § 1681p(1). The statute of limitations accrues based on the date the violation was discovered by the consumer, not the date the consumer first observed inaccurate information on their credit report.

**Banking Law > Consumer Protection > Fair Credit Reporting > Liability**
**Governments > Legislation > Statutes of Limitations > Time Limitations**

See 15 U.S.C.S. § 1681s-2.

**Banking Law > Consumer Protection > Fair Credit Reporting > Liability**

The Fair Credit Reporting Act's construction creates a violation every time a consumer submits a dispute to a credit reporting agency and that agency or the relevant lender does not respond to the complaint as directed by the statute. The fact that the account or transactions questioned in the instant dispute may have also been the subject of a previous dispute does not mitigate the obligations of the bank or credit reporting agency to take the actions outlined in 15 U.S.C.S. § 1681s-2(b)(1)(A)-(D).

**Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.

**Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims**

Dismissals under Fed. R. Civ. P. 12(b)(6) are disfavored by the courts because of their res judicata effect.

**Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims**
**Civil Procedure > Pleading & Practice > Pleadings > Complaints > Requirements**

A complaint need only have a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. The complaint's factual allegations must be enough to raise a right to relief above the speculative level.

**Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State**

1ydcases    3

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12878074

**Claims**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff.

Opinion

**Opinion by:**        Henry E. Hudson

Opinion

**MEMORANDUM OPINION**

**(Denying Defendant WFNNB's Motion to Dismiss)**

This is a civil action for damages brought pursuant to the Fair Credit Reporting Act ("FCRA"). It is before the Court on the Motion to Dismiss filed on February 25, 2008 by Defendant World Financial Network National Bank ("WFNNB"), named as Lane Bryant, Inc. in the Complaint. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process at this stage. For the reasons stated herein, the Court will deny Defendant's motion.

Plaintiff Robin D. Broccuto filed this Complaint on December 26, 2007 against the three major credit reporting agencies, Experian, Equifax, and TransUnion, as well as five defendants that extend credit to consumers. WFNNB is one such defendant. The bank extends credit to consumers through a Lane Bryant credit card that can be used to purchase merchandise at clothier Lane Bryant's retail locations and through Lane Bryant's website. Broccuto claims that on or about April 26, 2006, she discovered a Lane Bryant account on her credit report. The account was listed as past due. Broccuto maintains in her Complaint that she did not open this account and that she is a victim of identity theft. She subsequently attempted to contact the credit reporting agencies to dispute the validity of the Lane Bryant credit account in hopes of correcting the allegedly inaccurate account information contained in her credit report and rectifying her now-marred credit score.

Broccuto's Complaint alleges three FCRA violations by WFNNB. She alleges that on one or more occasions within the past two years (1) WFNNB failed to properly investigate after it was notified that she did not open the Lane Bryant account, in violation of 15 U.S.C. § 1681s-2(b)(1)(A) (Count Seven); (2) WFNNB failed to review all relevant information provided by the credit reporting agencies in violation of 15 U.S.C. § 1681s-2(b)(1)(B) (Count Eight); and (3) WFNNB published Broccuto's past due status to the credit reporting agencies without including a notation that the debt was disputed and did not correctly report the results of an accurate investigation, in violation of 15 U.S.C. § 1681s-2(b)(1)(C) and (D) (Count Nine).

WFNNB's motion to dismiss rests on two grounds. The bank asserts that it should be dismissed as a defendant pursuant to Federal Rule of Civil Procedure 12(b)(1) because Counts Seven, Eight, and Nine are barred by FCRA's statute of limitations. In the alternative, WFNNB argues that Count Nine fails to state a claim and seeks dismissal of that count under Rule 12(b)(6). The Court will first address the statute of limitations issue.

"It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only authority conferred by Article III of the Constitution and affirmatively granted by federal

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

statute." *In re Bulldog Trucking*, 147 F.3d 347, 352 (4th Cir. 1998) (citations omitted). A federal court cannot assume jurisdiction exists. Rather, the plaintiff is required to specifically plead adequate facts in its complaint to sufficiently establish the court has jurisdiction. *Norton v. Larney*, 266 U.S. 511, 515-16, 45 S. Ct. 145, 69 L. Ed. 413 (1925). A defendant may move for dismissal when a complaint contains a jurisdictional defect. Fed. R. Civ. P. 12(b)(1).

WFNNB believes that this Court is without jurisdiction to hear Counts Seven, Eight, and Nine because Broccuto filed her Complaint after the FCRA limitations period had run. A defendant may prevail on a motion under Rule 12(b)(1) by showing that the facts as pled in the complaint fail to establish jurisdiction, or as WFNNB attempts to do here, by showing that the jurisdictional facts pled in the complaint are untrue. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant contends that the facts contained in the complaint upon which jurisdiction rests are untrue, the Court may consider evidence outside the complaint in order to assure jurisdiction is proper. *Id.*

FCRA provides damages to a consumer when banks and other lenders, referred to as 'furnishers of information' in the Act, do not take certain steps in response to a consumer dispute. "After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency . . .; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b)(1)(A)-(D). A cause of action created by the preceding FCRA section must be brought in United States district court "not later than the earlier of (1) 2 years after the discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

Broccuto's pleading states that she disputed the validity of the subject Lane Bryant account with the three credit reporting agencies in April 2006. She alleges that WFNNB failed to perform all of the duties mandated by § 1681s-2(b)(1)(A)-(D) after it received notice of Broccuto's dispute from the credit reporting agencies. Broccuto filed her Complaint on December 26, 2007.

WFNNB alleges that Broccuto first learned of fraud involving the Lane Bryant account well before April 2006 and that she, in fact, first notified WFNNB of the dispute on November 20, 2003. WFNNB provided an affidavit from one of its employees stating that Broccuto first contacted WFNNB to dispute the validity of the Lane Bryant account opened in her name on November 20, 2003. WFNNB was notified of additional disputes related to the Lane Bryant account through the credit reporting agencies on January 27, 2004, July 30, 2005, August 2, 2005, November 9, 2005, and May 19, 2006. WFNNB argues that Broccuto therefore learned of and disputed the allegedly improper Lane Bryant transactions more than two years prior to filing this suit, so the statute of limitations contained in 15 U.S.C. § 1681p has lapsed and WFNNB should be dismissed as a defendant from Counts Seven, Eight, and Nine.

Broccuto admits that she first discovered that an identity thief had opened a Lane Bryant credit card account in her name in 2003 and that she contacted WFNNB and the credit reporting agencies multiple times since discovery. She believes, however, that WFNNB misconstrues the interplay between FCRA and its statute of limitations and that her FCRA claims against WFNNB, as pled, were timely filed. The Court agrees.

As previously mentioned, FCRA imposes certain duties, such as the duty to conduct an investigation, on credit reporting agencies and lenders. 15 U.S.C. § 1681s-2(b). A plain reading of the Act reveals

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

that these duties are triggered when a credit reporting agency or lender receives notice of a dispute from a consumer. *Id.* FCRA does not punish a lender merely for furnishing inaccurate information to a credit reporting agency. Rather, FCRA provides damages when a bank or credit reporting agency fails to take certain steps once notice of a consumer dispute is received. *Id.* It is the failure to act as prescribed by the statute after receiving notice of a dispute which creates the cause of action.

The portion of FCRA's statute of limitations relevant to WFNNB's motion requires a civil action to be initiated within "2 years after the date of *discovery* by the plaintiff of *the violation* that is the basis for . . . liability." 15 U.S.C. § 1681p(1) (emphasis added). The statute of limitations accrues based on the date the violation was discovered by the consumer, not the date the consumer first observed inaccurate information on their credit report. As described above, a violation of FCRA occurs when a lender or credit reporting agency receives notice of a dispute and fails to act as the statute mandates. The date that the allegedly fraudulent transactions were charged to a consumer's account is not relevant in computing the statute of limitations. Nor is the date that the consumer learned that his credit report contained inaccuracies actually relevant in the calculus. 1 Given FCRA's clear wording, a plaintiff must file suit within two years from the date that he learns that a credit reporting agency or lender did not act as required by the statute in response to his dispute. 2

There is no real factual dispute here as to when Broccuto learned that an allegedly unauthorized Lane Bryant account was opened in her name. She admits to learning of the account and disputing its validity on multiple occasions since 2003. In her Complaint, however, Broccuto only seeks damages for violations of the act that occurred in response to the dispute she raised with WFNNB, through the credit reporting agencies, in April 2006. Any violations of FCRA committed by WFNNB in response to the earlier disputes Broccuto made may indeed be time-barred, but Broccuto has only plead violations related to the specific actions WFNNB took in response to her 2006 dispute. As such, Counts Seven, Eight, and Nine were clearly filed within the applicable two-year statute of limitations.

WFNNB argues that the FCRA violations Broccuto claims occurred in 2006 must be tied to her original discovery of the allegedly fraudulent Lane Bryant account and subsequent dispute in 2003. WFNNB claims that an alternative reading would permit a plaintiff to rekindle an FCRA claim simply by making another complaint about the same account. Broccuto's multiple disputes are in effect, according to WFNNB, the same dispute over the same Lane Bryant credit account and should not be permitted to give rise to multiple FCRA violations, each subject to their own statute of limitations.

Precedent in this area is sparse and no case directly on point exists in this Circuit, but a handful of district courts elsewhere have agreed with WFNNB's argument. In *Bittick v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917 (N.D.Tex. 2006), the court refused to allow additional complaints regarding the same allegedly inaccurate information to restart the statute of limitations because to hold otherwise "would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency." *Id.* at 919. Another district court agreed with this line of thought in a later opinion and ruled that "[t]o allow . . . claims to go forward based upon the subsequently submitted complaints would allow plaintiffs to indefinitely extend the limitations period and render it a nullity." *Blackwell v. Capital One Bank*, 2008 U.S. Dist. LEXIS 23339, 2008 WL 793476 (S.D.Ga. 2008).

This Court cannot square the logic of those opinions with a plain reading of FCRA. The Act states that "[a]fter receiving notice pursuant to section 611(a)(2) of *a dispute* with regard to the completeness or accuracy of *any information* provided by a person to a consumer reporting agency, the person *shall* (A) conduct an investigation with respect to the disputed information . . ." 15 U.S.C. § 1681s-2 (emphasis added). The statute's construction creates a violation every time a consumer

1ydcases                                    6

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12878074

submits a dispute to a credit reporting agency and that agency or the relevant lender does not respond to the complaint as directed by the statute. The fact that the account or transactions questioned in the instant dispute may have also been the subject of a previous dispute does not mitigate the obligations of the bank or credit reporting agency to take the actions outlined in § 1681s-2(b)(1)(A)-(D).

FCRA therefore imposes a burden on banks to respond appropriately to each and every consumer dispute that is admittedly onerous, but that burden appears consistent with the congressional intent underlying the Act. When Congress enacted FCRA in 1970, it recognized there was a need to ensure that those parties which controlled a consumer's credit history and therefore access to future credit "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681. "As relevant here, the Act seeks to accomplish those goals by requiring credit reporting agencies to maintain 'reasonable procedures' designed 'to assure maximum possible accuracy of the information' contained in credit reports and to 'limit the furnishing of [such reports] to' certain statutorily enumerated purposes." *TRW, Inc. v. Andrews*, 534 U.S. 19, 23, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001) (internal citations omitted). The majority of courts that have ruled on this issue concur in the Court's interpretation of FCRA. *See, e.g., Hyde v. Hibernia*, 861 F.2d 446, 450 (5th Cir. 1988) ("each transmission of the same credit report is a separate and distinct tort to which a separate statute of limitations applies"); *Larson v. Ford Credit*, 2007 U.S. Dist. LEXIS 47181, 2007 WL 1875989 (D.Minn. 2007) ("each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to a dispute, is a separate FCRA violation subject to its own statute of limitations"); *Campbell v. Chase Manhattan Bank*, 2005 U.S. Dist. LEXIS 16402, 2005 WL 1514221 (D.N.J. 2005); *Lawrence v. TransUnion LLC*, 296 F. Supp. 2d 582, 587 (E.D.Pa. 2003).

Accordingly, the Court finds that Broccuto has pled violations of FCRA in Counts Seven, Eight, and Nine of her Complaint within the two-year statute of limitations. WFNNB's motion to dismiss those counts pursuant to Rule 12(b)(1) will be denied.

WFNNB also seeks dismissal of Count Nine pursuant to Rule 12(b)(6) for failure to state a claim. WFNNB argues that Broccuto has not sufficiently pled violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

Count Nine of Broccuto's Complaint, paragraph 75, states: "On one or more occasions within the two years prior to the filing of this suit[] . . . [WFNNB] . . .violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the Lane Bryant . . . representations within Plaintiff's credit file with Equifax, Experian, and TransUnion without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

reporting agency." This language, coupled with the factual allegations contained in the Complaint, which are assumed to be true at this stage, sufficiently states an FCRA claim for which this Court could provide relief. WFNNB's motion to dismiss Count Nine pursuant to Rule 12(b)(6) will also be denied.

For the reasons stated above, Defendant's Motion to Dismiss is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/ Henry E. Hudson

Henry E. Hudson

United States District Judge

ENTERED this 6th day of May, 2008

Richmond, VA

## Footnotes

1

The statute of limitations is based on a consumer discovering that a bank or credit reporting agency did not take certain steps in response to their dispute. That means the clock does not begin running until a consumer learns information which appears to be normally within the province of the bank or credit reporting agency and not easily discovered by the consumer. Though its not necessary for resolving this motion, it would be difficult to determine exactly when a consumer discovered an FCRA violation at such an early stage of the litigation.

2

15 U.S.C. § 1681p(2) caps the discovery period by requiring all claims to be brought within five years of the actual violation.

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

