UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY J. MARCINSKI, <br><br> Plaintiff, <br><br> v. <br><br> RBS CITIZENS, N.A. and MERRICK BANK CORPORATION <br><br> Defendants. | Civil Action No.: 13-cv-06022 (LGS) |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

ECKERT SEAMANS CHERIN & MELLOTT, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
T: (914) 949-2909
F: (914) 949-5424

*Attorneys for Defendants*
RBS CITIZENS, N.A. and
MERRICK BANK CORPORATION

{V0153135.1}

Defendants, RBS CITIZENS, N.A. ("Citizens") and MERRICK BANK CORPORATION ("Merrick") (collectively "Defendants") submit this reply memorandum of law in further support of their motion to dismiss Plaintiff Gregory J. Marcinski's (hereinafter "Plaintiff") Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Although the case relied upon by Plaintiff, *Broccuto v. Experian Information Solutions, Inc.,* 2008 U.S. Dist. LEXIS 37079 (E.D. Va. 2008), allowed for a FCRA violation to be created each time the consumer lodged a complaint, numerous courts through the country have held otherwise. See *Hancock v. Charter One Mortg.*, 2008 U.S. Dist. LEXIS 42828 (E.D. Mich. 2008) ("The Hancocks discovered the error in November 2004 and wrote a dispute letter on December 10, 2004. They filed suit on December 3, 2007. The Hancocks had two years after the date of discovery, November 2004, to file suit."); *Bittick v. Experian Information Solutions, Inc.,* 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006) (the court refused to allow additional complaints regarding the same allegedly inaccurate information to restart the statute of limitations because to hold otherwise "would allow plaintiffs to indefinitely extend the limitations period by simpling sending another complaint letter to the credit reporting agency."); *Blackwell v. Capital One Bank,* 2008 U.S. Dist. LEXIS 23339 (S.D. Ga. 2008) (ruling that "[t]o allow . . . claims to go forward based upon the subsequently submitted complaints would allow plaintiffs to indefinitely extend the limitations period and render it a nullity."). In a recent decision, the Eastern District of Michigan also agreed with the *Hancock* Court. See *Hatten v. Experian Information Solutions, Inc.*, 2013 U.S. Dist. LEXIS 130372, *10-11 (E.D. Mich. 2013) ("While this situation is problematic, this Court agrees with the reasoning in *Hancock*. Particularly where as in this case, the underlying complaint relates to recurring violations stemming from the same original incident, and the alleged violations are triggered every time Plaintiff files a dispute, Plaintiff

would be able to extend the statute of limitations indefinitely simply by filing subsequent complaints as the two year period nears its end.")

According to Plaintiff's December 30, 2013 Declaration ("Declaration") he obtained a copy of this credit report from Equifax on Sept. 27, 2010 which contained delinquent credit card accounts reported by Citizens (for a credit card account opened in September 2007) and Merrick (for a credit card account opened in May 2006).  Declaration, ¶¶5 & 6.  Plaintiff transmitted a dispute to Equifax.  Declaration, ¶7.  On November 8, 2010, Equifax informed Plaintiff that Citizens and Merrick each verified the accounts were not fraudulent and would not be removed from Plaintiff's credit record.  Declaration, ¶8.  Neither Citizens nor Merrick responded to Plaintiff's post November 2010 written disputes relating to these credit card accounts.  Declaration, ¶9.  On August 6, 2013, Plaintiff obtained a copy of this credit report from Trans Union, LLC and the same alleged inaccurate information from Citizens and Merrick was also contained on that report.  Declaration, ¶¶14-17.

There is no doubt from reading Plaintiff's opposition papers that he knew of the alleged violations by Citizens and Merrick and their response to Equifax's inquiries as early as November 8, 2010.  Yet, he failed to file suit within the two year statute of limitations.  This statute of limitations applies not only to the credit report he received from Experian but also to the credit report he received from Trans Union - - the alleged inaccurate information was the *same* information he had known about since November 8, 2010 (namely, the account reported by Citizens for a credit card account opened in September 2007 and the account reported by Merrick for a credit card account opened in May 2006).

## **CONCLUSION**

      For all of the reasons stated herein, Defendants' motion to dismiss should be granted in its entirety.

Dated: White Plains, New York
          January 22, 2014

                              Respectfully submitted,

                              ECKERT SEAMANS CHERIN & MELLOTT, LLC

                              /s/ *Geraldine A. Cheverko*_____
                              Geraldine A. Cheverko (GAC 1747)
                              10 Bank Street, Suite 700
                              White Plains, New York 10606
                              T: (914) 949-2909

                              *Attorneys for Defendants*
                              RBS CITIZENS, N.A. and MERRICK BANK CORPORATION

## CERTIFICATE OF SERVICE

I, Geraldine A. Cheverko, hereby certify that the **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS** was served on January 22, 2014, via regular United States Mail:

Gregory J. Marcinski
Register No. 12582-050
Federal Correctional Institution
P.O. Box 1000
Otisville, New York 10963-1000

/s/ *Geraldine A. Cheverko*
Geraldine A. Cheverko, Esq.